UNITED STATES OF AMERICA,      )
                                        )

           Plaintiff,          )

v.                                  )          No. 3:07-CR-143
                                    )          (Varlan / Guyton)

JAMES WOODS, and          )
LAUREN WOODS             )
                Defendants.     )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the district court as

may be appropriate. The following motions are pending and subject to disposition by this Court:

(1) Motion For Bill of Particulars [Doc. 32];

(2) Request for Disclosure of Exculpatory Material [Doc. 33];

(3) Motion For Hearing to Determine the Existence of Conspiracy [Doc. 34];

(4) Motion For Pretrial Written Summary of Expert Testimony [Doc. 36];

(5) Motion For Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 37];

(6) Motion For Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 38];

(7) Motion to Extend Motion Deadline [Doc. 40]; and

(8) Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 43].

The United States has filed a Consolidated Response to Defendants' Motions [Doc. 44], registering the government's opposition to the relief requested. All pending pretrial motions are addressed herein, a hearing being unnecessary to their disposition.[1]

## 1. MOTION FOR BILL OF PARTICULARS
## [DOC. 32]

In their Joint Motion For Bill of Particulars [Doc. 32], James Woods and Lauren Woods move the Court to order the government to provide a bill of particulars more clearly identifying a variety of details regarding the nature and circumstances of the criminal conduct alleged in the indictment. James Woods and Lauren Woods are charged in the sole count of the one-count indictment with participation in a heroine distribution conspiracy over the course of seven months along with two other defendants in the indictment, Ashley Schuman and Tim Travis. [Doc. 3].

### *Defendants' Position*

Relying upon Federal Rules of Criminal Procedure Rule 7(f), James Woods and Lauren Woods ask that the Court order the United States to provide a Bill of Particulars more specifically describing the allegations. Paraphrasing the list of 12 categories of information the defendants seek, their request is directed to particularity as to the basis and manner and means, including the date, place, time, and names of other alleged conspirators, other than the named co-defendants, that James Woods and Lauren Woods allegedly "conspired, confederated and agreed" with in the conspiracy alleged in the indictment; any overt criminal acts, or other crimes, committed in furtherance of the alleged conspiracy. James Woods and Lauren Woods do not assert that without further detail they do not have the appropriate information necessary to prepare their respective defenses nor that they

---

[1] This Order will not attempt to restate each of the parties' arguments on each issue before the Court, rather a brief description is included to provide context for the Court's rulings.

are at risk of unfair surprise at trial, but these concerns are implicit in their request.

### *Government's Position*

The government responds that the indictment is adequate to provide notice of the nature of the charges, which is all that is required. [Doc. 44]. The government argues that James Woods' and Lauren Woods' requests seek to discover details of the government's case and evidence that go beyond that to which they are entitled. The government distinguishes that, "[w]hile the defendant is entitled to the pretrial details of the <u>charges</u> against him, he is not entitled to details of the <u>evidence</u> against him beyond the provisions of the rules of discovery." [Doc. 44 at 1] (emphasis in original). It is the government's position that the instant motion seeks discovery of the evidence against James Woods and Lauren Woods.

The government argues that the Court's Order on Discovery and Scheduling already provides for all the disclosure to which the defendants are entitled, [Doc. 8]. Further, the United States informs the defendants and the Court that:

> most of what is requested in the motion is fully detailed in the affidavit in support of the search warrant application in this case. In fact, it is practically a "blueprint" of the government's case-in-chief.
> [Doc. 44 at 2]

There has been a Notice of Pretrial Discovery filed November 15, 2007, by Assistant United States Attorney David Jennings on behalf of the government. [Doc. 19] which documents 44 items provided in discovery as of that date.

*Analysis*

The <u>Federal Rules of Criminal Procedure</u> provide broad authority for the Court to order the government to provide a bill of particulars when warranted. Rule 7(f) reads:

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

However, the rules do not delineate under what circumstances it is appropriate for the Court to order such remedy. The Sixth Circuit has had occasion to addressed this issue a number of times and had provided ample guidance for lower courts. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." <u>United States v. Salisbury</u>, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. <u>See</u> <u>id.</u> (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. <u>Id.</u> Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." <u>United States v. Paulino</u>, 935 F.2d 739, 750 (6th Cir. 1991), <u>superseded on other grounds by statute</u>, <u>United States v. Caseslorente</u>, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

While the government relies, in part, upon the disclosure of information in the search warrant affidavit, that document has not been filed with the Court for consideration in this context and is not

part of the record otherwise. The detail that may have been provided in that document is unknown.

## A. Co-Conspirators

James Woods and Lauren Woods seek information about, and the identities of, any co-conspirators with whom they are alleged to have interacted, including the relationship to such person(s). The Sixth Circuit has held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004), cert. denied, 542 U.S. 910 (2004). Furthermore, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other witnesses present when the defendants participated in the overt acts of the conspiracy.

## B. Dates of Defendants' Involvement in Conspiracy

The Sixth Circuit has approved the provision of dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information

to prepare a defense." United States v. Hayes, 884 F. 2d 1393 (6th Cir. 1989), cert. denied, 493 U.S. 1030 (1990).

This indictment alleges that the conspiracy in this case existed from February 22, 2007 to September 24, 2007. To the extent that James Woods and Lauren Woods were involved in the conspiracy for a time period shorter than the entire conspiracy, the government shall be required to provide the approximate dates that each entered the conspiracy and approximately when the participation of each in the conspiracy ended.

## C. Nature and Location of Defendant's Conduct

The defendants' request includes the precise nature of the conduct alleged by the government, the location of such conduct, and James Woods' or Lauren Woods' relationship with persons purportedly involved in this conduct. The Sixth Circuit rule is that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. The Court has ordered a more precise statement of the dates of their respective involvement. Accordingly, the Court finds that the defendants are not entitled to a bill of particulars regarding the precise nature of the alleged overt acts of the conspiracy, to include their location beyond that specified in the indictment nor the nature of the relationship(s) of the participants.

The Court finds that the indictment as a whole sufficiently apprises James Woods and Lauren Woods of the charges that they each are facing to permit them to prepare a defense, to avoid surprise at trial, and to protect against a double jeopardy violation. James Woods' and Lauren Woods' Motion for a Bill of Particulars **[Doc. 32]** is **GRANTED** to the extent set forth above at §B as to the approximate dates of their respective involvement in the conspiracy and **DENIED** as to the remainder of the relief sought by defendants.

## 2. JOINT REQUEST FOR DISCLOSURE OF EXCULPATORY MATERIAL
### [DOC. 33]

*Defendants' Position*

James Woods and Lauren Woods have requested the disclosure of certain evidence from the United States, all of which fall within the body of related caselaw represented by Brady v. Maryland, 373 U.S. 83 (1963) (exculpatory evidence); United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence); and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). The defendants state that they seek no remedy from the Court at this time, recognizing that the disclosure sought has been addressed in the Court's Order on Discovery and Scheduling [Doc. 8, ¶ E], which reads:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The defendants explain that their request is made in order to actively pursue the disclosure of exculpatory evidence by making a specific Brady request, as favored by the Supreme Court in United States v. Bagley, 473 U.S. 667 (1985). The defendants include a list of 12 categories of material that may be in the possession of the government to which their request is directed.

*Government's Position*

The United States responds that the Court's Order on Discovery and Scheduling adequately addresses the disclosure of exculpatory material. The government response also discusses the

language of United States v. Presser, 844 F.2d 1272 (6th Cir. 1988) in support of its position that the prosecution is not obligated to divulge exculpatory material pretrial. The government states that the additional requested disclosures are not authorized by Federal Rules of Criminal Procedure, Rule 16. The response states that the United States is aware of its duty under Brady and will abide by those requirements.

### *Analysis*

As the parties agree, most (if not all) of the information sought by the defendants is the subject of this Court's Order on Discovery and Scheduling [Doc. 8]. Paragraph E reads:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Should the defendants become aware of specific material that may be subject to this provision, they may make a specific Brady request of the government, then bring the matter to the attention of the Court if necessary. The defendants' Joint Request for Disclosure of Exculpatory Material **[Doc. 33]** is **DENIED** to the extent it has been filed as a motion to the Court.

### 3. JOINT MOTION FOR PRETRIAL HEARING TO DETERMINE THE EXISTENCE OF CONSPIRACY [DOC. 34]

### *Defendants' Position*

James Woods and Lauren Woods move the Court to conduct a hearing pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) in order to determine whether or not the government can satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements

may be admitted in the government's case-in-chief at trial. They ask that before the government can take advantage of the co-conspirator exception of the hearsay rule, it be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979).

### Government's Position

The government opposes a pretrial determination on this issue. The United States relies upon Federal Rules of Evidence Rule 801(d)(2)(E) provides "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th Cir. 1978). Whether the offering party has made the showing is a question of fact for the court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), cert. denied, Villareal v. United States, 525 U.S. 1183 (1999).

### Analysis

The Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the

course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53.

The defendants urge the Court to proceed with the first option, conduct a pretrial hearing as to the evidence of the conspiracy before considering admission of the alleged statements. However, the Sixth Circuit has criticized the first Enright alternative, a pretrial hearing, as burdensome, time consuming and uneconomic. The more practical approach, and the one customarily adopted by this district, is the third option listed, which has been to permit the government to present the hearsay statements of this nature subject to a later demonstration of their admissibility by a preponderance of the evidence. The Court notes that it is the general practice in this district to use the third of these options. In any event, this series of motions relate directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas A. Varlan. Accordingly, the Joint Motion for Pretrial Hearing to Determine the Existence Conspiracy **[Doc. 34]** is **DENIED**. District Judge Varlan will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

### 4. JOINT MOTION FOR PRETRIAL WRITTEN SUMMARY OF EXPERT TESTIMONY [DOC. 36]

James Woods and Lauren Woods ask that the United States be required to provide a written summary of expert testimony the government intends to present at trial, as ordered in the Order on Discovery and Scheduling [Doc. 8 at ¶ L]. The defendants ask that the Court direct this disclosure be made at an earlier time than previously ordered so that they may make effective use of the information at trial. The Order on Discovery and Scheduling directs that the prosecution disclose expert information three weeks before trial. The government responds that the current deadline of three weeks is reasonable and it intends to comply with that timetable. The government opposes an

earlier disclosure on the grounds that it is "beyond the scope of the rules of discovery." [Doc. 44 at 6].

The Court observes this matter is set for trial on January 15, 2008. The defendants filed their joint request on December 5, 2007; the government responded on December 19, 2007, which was three weeks and one day before trial. The deadline for disclosure of the material sought has passed and , accordingly, the Joint Motion for Pretrial Written Summary of Expert Testimony **[Doc. 36]** is **DENIED** as moot, the government apparently having provided the same.

## 5. JOINT MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE 404(B)-TYPE EVIDENCE [DOC. 37]

James Woods and Lauren Woods seek two forms of relief in this motion. First, they ask that the Court order the government to disclose evidence that it intends to introduce under Rule 404(b) at a time earlier than has already been set in the Order on Discovery and Scheduling. [Doc. 8 ¶ I]. Second, the defendants ask for a hearing to determine the admissibility of the evidence, outside the presence of the jury, prior to the use of such 404(b) material at trial.

The United States responds in opposition, relying on the seven-day deadline set forth in the Order on Discovery and Scheduling.

### *Analysis*

Federal Rules of Evidence, Rule 404(b), with certain exceptions, prohibits the admission of evidence of other crimes or wrongs "to prove the character of a person in order to show action in conformity therewith." In 1991, the Rule was amended to provide that if evidence is admissible for other reasons, such as proof of motive, opportunity, intent, preparation, plan, identity, etc., "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature

of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b).  The Advisory Committee explained that the amendment was "intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence."  Advisory Committee's note (1991 amendment).

In 1995, the Sixth Circuit provided a thorough analysis of the then-new Rule 404(b) amendment in <u>United States v. Barnes</u>, 49 F.3d 1144 (6th Cir. 1995).  That court observed:

> Although it does not call for any specific form of notice, "[t]he Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion."  The court has the discretion to determine reasonableness under the circumstances, but the Committee note cautioned that "[b]ecause the notice requirement serves as [a] condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."
> <u>Barnes</u>, 49 F.3d at 1147 (<u>quoting</u> the Advisory Committee's Note to Rule 404(b), 1991 Amendments).

Although notice is required, consideration of trial preparation are misplaced in the Rule 404(b) context.  The Sixth Circuit has held that "in most criminal prosecutions, the <u>Brady</u> Rule, Rule 16, and the Jencks Act exhaust the universe of discovery to which defendant is entitled."  <u>United States v. Presser</u>, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988).  In the absence of circumstances warranting earlier disclosure, the Court has established as reasonable a deadline of seven days prior to trial for 404(b) material.  James Woods and Lauren Woods have not set forth any argument in support of earlier disclosure other than their preference for earlier preparation.  In the absence of such a showing, the Court finds no reason to alter the deadline for disclosure in this case.

As to the defendants' second form of relief, the Court finds it is premature to establish a method for the District Court to consider admissibility of any Rule 404(b) evidence.  In the Sixth

Circuit, "when the defense *objects* to the admissibility of evidence of other wrongs, crimes or acts the trial court should conduct a balancing determination on the record before admitting the evidence." United States v. Acosta-Cavares, 878 F.2d 945, 950 (6th Cir. 1989). The present case is set for trial before District Court Judge Thomas A. Varlan and thus, any on the record findings made pursuant to Rules 403 and 404 will constitute a matter to be taken up at trial and in the context of the evidence admitted. After receiving notice from the government that it intends to introduce Rule 404(b) evidence, the defendants may elect to register a specific objection as a motion in limine.

The defendants' Joint Motion For Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence **[Doc. 37]** is **DENIED**.

### 6. JOINT MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE 608 OR 609 IMPEACHMENT EVIDENCE
### [DOC. 38]

Federal Rules of Evidence Rule 608[2] permits a party to challenge the credibility of a witness by introducing evidence of the witness's reputation for truthfulness or untruthfulness. Rule 609 outlines the circumstances under which a witness may be impeached by evidence of a criminal conviction. Neither of these rules requires the government to give pretrial notice that it intends to use this type of evidence, except that it must give notice of intent to use a conviction that is over ten years old. See Fed. R. Evid. 608, 609(b).

Furthermore, the Court questions the practical applicability of requiring pretrial notice of

---

[2]"[E]vidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed. R. Evid. 608(a). The rule does not permit the parties to introduce extrinsic evidence, other than a criminal conviction pursuant to Rule 609, to prove specific instances of conduct for truthfulness. Fed. R. Evid. 608(b). A court has discretion to permit cross-examination of a witness about specific instances of conduct probative of truthfulness or untruthfulness if the questioning relates to the witness's character for truthfulness or untruthfulness or to the truthful or untruthful character of another witness about whom the testifying witness has testified. Fed. R. Evid. 608(b).

evidence under these rules, especially Rule 609, as they deal with impeachment evidence. The Court recognizes that the "credibility of a witness may be attacked by any party, including the party calling the witness." Fed. R. Evid. 607.

The Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be a better position to determine whether a pretrial, jury-out hearing is in order and the admissibility of this evidence in relation to the other evidence introduced at trial. Accordingly, to the extent these defendants request pretrial disclosure of Rule 608 evidence of character or conduct and Rule 609 impeachment evidence disclosure, Joint Motion For Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence **[Doc. 38]** is **DENIED,** with the issue of the need for a pretrial, jury-out hearing being subject to renewal with the District Court at trial.

### 7. MOTION TO EXTEND MOTION DEADLINE
### [DOC. 40]

James Woods and Lauren Woods have the Court to permit motions filed after the December 5, 2007, deadline due to the volume of discovery. In addition, counsel asserted that more time was necessary to consult with their clients; Lauren Woods was in an out-of-state inpatient drug treatment program at the time the request was made. The defendants sought extension of the motion deadline until December 21, 2007, in the event additional motions were identified after review of discovery material and more meaningful consultation between the defendants and their counsel. A blanket extension of the pretrial motions deadline until December 21, 2007, would have necessarily adversely effected the January 15, 2008, trial date.

As no additional motions were filed before December 21, 2007, the Motion to Extend Motion Deadline **[Doc. 40]** is **DENIED** as moot.

### 8. Joint Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 43]

James Woods and Lauren Woods ask that this Court order the government to designate evidence it intends to use in its case-in-chief at trial and also to extend the time for filing of motions to suppress to account for this newly-disclosed material. The defendants rely upon Rule 12(b)(4)(B) Pleadings and Pretrial Motions, which provides in relevant part:

> (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) *any evidence that the defendant may be entitled to discover under Rule 16.*
> Fed. R. Crim. P. 12 [emphasis added].

The United States responds that it has already disclosed all material subject to discovery within Rule 16, which includes evidence subject to suppression. The government argues that Rule 12(b)(4)(B) provides for earlier disclosure of evidence subject to suppression so that a defendant may meet his obligations under Rule 12(b)(3) to bring suppression motions before trial.

The Court observes that the deadline for Rule 16 discovery has long since passed. Because, in the context of evidence that may precipitate a motion to suppress evidence, Rule 12(b)(4)(B) provides for *earlier* disclosure of "any evidence that the defendant may be entitled to discover under Rule 16", the defendants' request was moot when filed. Accordingly, the Motion for Pretrial Notice of Government's Intent to Use Evidence **[Doc. 43]** is **DENIED** as moot.

### 9. Conclusion

IT IS ORDERED:

(1) Motion For Bill of Particulars **[Doc. 32]** is **GRANTED IN PART,** and **DENIED** in part, as set forth above.

(2) Request for Disclosure of Exculpatory Material **[Doc. 33]**

is **DENIED**.

(3) Motion For Hearing to Determine the Existence of Conspiracy **[Doc. 34]** is **DENIED**.

(4) Motion For Pretrial Written Summary of Expert Testimony **[Doc. 36]** is **DENIED**.

(5) Motion For Pretrial Notice of Government's Intent to Use 404(b)-Type  Evidence **[Doc. 37]** is **DENIED**.

(6) Motion For Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence **[Doc. 38]** is **DENIED**.

(7) Motion to Extend Motion Deadline **[Doc. 40]** is **DENIED**.

(8) Motion for Pretrial Notice of Government's Intent to Use Evidence **[Doc. 43]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:


_____s/ H. Bruce Guyton_____
United States Magistrate Judge